## Wadeford Electric Company, Plaintiff in Error, v. Burt J. Fitzgerald, Defendant in Error.

### Gen. No. 18,672.

1. BUILDING AND CONSTRUCTION CONTRACTS, § 85*—*when defense by owner that plaintiff is subcontractor not sustained by the evidence.* In an action to recover for work and materials furnished in installing certain apparatus in a building owned by defendant, a defense that plaintiff was a subcontractor and that defendant was not liable because he had failed to give defendant notice of his claim for lien, and that defendant had settled with a third party as the original contractor for the work and materials, *held* to be a veiled attempt on the part of the defendant to evade his direct contract liability, and not sustained by the evidence.

2. EVIDENCE, § 165*—*self-serving documents.* Letters from defendant to plaintiff offered in evidence by the defendant, *held* properly excluded as self-serving documents.

3. WITNESSES, § 213*—*when cross-examination not unduly restricted.* Cross-examination is not unduly restricted by sustaining objection to question which had already been substantially answered by the witness.

Error to the Municipal Court of Chicago; the Hon. JOHN R. NEWCOMER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Reversed and remanded. Opinion filed March 11, 1914.

VOSE & PAGE, for plaintiff in error; SAMUEL H. GILBERT, of counsel.

STEDMAN & SOELKE, for defendant in error.

MR. JUSTICE BAUME delivered the opinion of the court.

This was a suit instituted in the Municipal Court by the Wadeford Electric Company, a corporation, against Burt J. Fitzgerald to recover a balance of $500 alleged to be due for work and material in installing certain electrical apparatus and equipment in a building located on River Street belonging to the defendant. Upon a trial by the court there was a finding in favor

---

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

of the defendant and judgment against the plaintiff for costs, to reverse which judgment this writ of error is prosecuted.

The defense interposed by defendant in error, which defense prevailed in the trial court, is that the work and material in question was performed and furnished by plaintiff in error as a subcontractor of A. M. Barry & Son, with whom defendant in error entered into a general independent and entire contract to make the necessary alterations and repairs in the building, and that as plaintiff in error had failed to assert its claim for a lien by giving the required notice to defendant in error, and defendant in error had fully and finally settled for all work and material involved in said contract, including the work and material in question, defendant in error was not liable to plaintiff in error therefor.

It is contended by plaintiff in error that the work and material in question were performed and furnished in pursuance to certain proposals submitted by it therefor to Richard T. Barry and A. H. Patek and accepted by them, acting as agents for defendant in error, and that defendant in error is liable therefor as principal. The gist of the controversy is purely one of fact.

It is indisputably established by the evidence that the first proposal submitted by defendant in error was so submitted on December 14, 1911, at the instance and request of Patek, an agent of defendant in error to solicit tenants for the building and to do whatever else was required by him, and that plaintiff in error commenced to perform work and furnish material in pursuance to such proposal on the following day, December 15th; that on December 18th defendant in error, at the instance and request of Richard T. Barry, submitted a proposal for some of the work and material covered by the first proposal and also for some additional work and material, and that the work and material covered by both proposals was substantially performed and furnished by defendant.

The evidence bearing upon the vital question at issue considered most favorably for plaintiff in error tends to show that some time in June or July, 1911, defendant in error applied to Richard Barry for an approximate estimate of the cost of the necessary labor and material required to make certain alterations and repairs in the building, and that in response to such request Barry made an estimate of $23,000; that no written contract was entered into between defendant in error and said Barry or A. M. Barry & Son; that defendant in error reserved and exercised the right to pass upon all estimates and proposals submitted by contractors for any portion of the necessary work and material and to reject the same if in his judgment such estimates and proposals were too high or excessive, and to procure and substitute other estimates and proposals in lieu thereof; that the securing of a lower proposal inured to the benefit of defendant in error; that Richard T. Barry acted in the capacity of general superintendent of construction, upon whose "O. K." defendant in error made payments to the several contractors for the work and material performed and furnished by them; that following this method of payment defendant in error paid to plaintiff in error $150 on January 16, 1912.

Richard T. Barry testified that he was personally to receive only a commission on the building,—a per cent. of all the work done,—but that such percentage was not agreed upon with defendant in error or was not stated by either of them.

In answer to the question, whether the compensation to Barry was upon a percentage basis, defendant in error replied, "Absolutely not"; yet counsel for defendant in error say: "It was agreed between defendant and A. M. Barry & Son that the latter should receive a percentage of profit in addition to the cost of all material and labor supplied by them in connection with these proposed alterations."

Counsel for defendant in error further say: "Defendant has paid A. M. Barry & Son in full including the work sued for by plaintiff." A careful search of the record fails to disclose any evidence tending to support this statement.

After a careful consideration of the evidence as it appears in the record, we are fully persuaded that it discloses merely a thinly veiled attempt on the part of defendant in error, as owner of the building, to evade his direct contract liability to plaintiff in error for work and material, by clothing A. M. Barry & Son in the guise of general independent contractors and plaintiff in error in the guise of a subcontractor. The finding of the trial court upon this issue is contrary to the manifest weight of the evidence, and requires a reversal of the judgment and a remandment of the cause.

Defendant in error testified that while his contract with A. M. Barry & Son was verbal, the estimates upon which said contract was based were in writing and formed a part of the contract. These written estimates were the best evidence of what they contained and should have been produced upon the trial when objection was interposed to the testimony of defendant in error as to their scope and contents.

Complaint is made of the action of the court in refusing to admit in evidence a letter from plaintiff in error to defendant in error, referred to in the record as "Exhibit No. 10 for identification." The letter does not appear in the record, but we assume from its characterization by counsel that it was a self-serving document, and it was, therefore, properly excluded. The court did not unduly restrict the cross-examination of defendant in error, as the further questions to which objections were sustained had been already substantially answered by the witness.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*